

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

August 7, 1973

The Honorable Fred Galindo
Criminal District Attorney
Cameron County
Brownsville, Texas 78520

Opinion No. H- 80

Re:    Whether Commissioners
Court or County Tax
Assessor and Collector
may employ experts to
re-evaluate all property
in county.

Dear Mr. Galindo:

You have requested the opinion of this office on two questions. The first is whether the Commissioners Court of Cameron County has the authority to contract with a private evaluation expert for the purpose of re-evaluating all property in Cameron County for ultimate consideration by the County Tax Assessor and Collector and the County Board of Equalization. A similar question was presented to the Texas Supreme Court in Pritchard & Abbott v. McKenna, 350 S.W. 2d 333 (Tex. 1961), involving the authority of the Commissioners Court of Galveston County. Although no express constitutional or statutory authority for the contract was found, the Court said, "We think that authority is implied from the powers that have been expressly granted to and the duties imposed upon this body by law." Although the Court in Pritchard & Abbott was satisfied that the power of contract for private assessment services was implied in the powers and duties of the Commissioners Courts, the Legislature amended Article 7212, V.T.C.S., in 1963 to expressly provide that:

> "The Commissioners Court of any county may
> employ an individual, firm, or corporation
> deemed to have special skill and experience
> to compile taxation data for its use while sit-
> ting as a Board of Equalization and to provide
> for the payment of the compensation for such
> professional services out of the proper fund
> or funds of the county." Acts 1963, 58th Leg.,
> p. 1256, Ch. 481, § 1.

In our opinion there is no longer any doubt that the question you present should be answered affirmatively.  See Attorney General Opinions C-267 (1964), M-986 (1971).

The contract in Pritchard & Abbott was upheld against allegations that it usurped the statutory responsibilities of the County Tax Assessor-Collector and involved re-evaluation of ordinary real estate, a task which appellant claimed the Assessor-Collector and Board of Equalization were capable of performing for themselves.

The Court said:

> "Each of the various elected officials, including the Assessor-Collector, has the sphere that is delegated to him by law and within which the Commissioners Court may not interfere or usurp.  But that is not to say that the functions of the Board of Equalization and those of the Assessor-Collector are so diverse that information may not be lawfully obtained by the Equalization Board because it may likewise be of aid to the Assessor in the performance of his duties. " (350 S. W. 2d at 335)

> "The matter of skill required to appraise different kinds of property is one of degree.  The appraisal function not only requires an expert in the field of oil and gas, but also an expert in the field of what may be said to be ordinary real estate values.  'The ordinary person' is no more qualified to value real estate than he is to value oil and gas properties. " (350 S. W. 2d at 336)

We emphasize that such private appraisal is to be used by the assessor and the Board of Equalization as an aid in the performance of their statutory duties.  It is not to be used as a delegation of such duties nor as a substitute for them.  Whelan v. State, 282 S. W. 2d 378 (Tex. 1955); Nelson v. Blanco Independent School District, 390 S. W. 2d 361 (Tex. Civ. App. , Austin, 1965, err. ref'd. , n.r.e. ); Darby v. Borger Independent

School District; 386 S. W. 2d 572 (Tex. Civ. App. , Amarillo, 1965, err. ref'd. , n. r. e.); Bass v. Aransas County Independent School District, 389 S. W. 2d. 165 (Tex. Civ. App.., Corpus Christi, 1965, err. ref'd. , n. r. e.).

Your second question is whether the Cameron County Tax Assessor-Collector may, in his official capacity, contract to employ experts for the re-evaluation of taxable property in Cameron County when the funds for this purpose have been appropriated by the Commissioners Court. The Constitution grants much narrower authority to Assessor-Collectors than to County Commissioners Courts. Article 5, § 18, as noted above, confers jurisdiction over all county business to the Commissioners Court, whereas Article 8, § 14 of the Constitution provides only that each county Assessor and Collector of Taxes. . . "shall perform all the duties with respect to assessing property for the purpose of taxation and of collecting taxes, as may be prescribed by the Legislature. "

The duties of the Assessor-Collector are set out in detail in Chapter 7 of Title 122, V. T. C. S. Article 7204 is very specific in prescribing the manner and form of assessing property within a county. Similarly, Articles 7195 through 7199, V. T. C. S. , require in detail other procedures that the Assessor must follow in making his assessments. In our opinion none of these express powers and duties permit the implication that he may contract independently for private appraisals in place of or as an aid to the discharge of assessment responsibilities expressly delegated to his office. Instead, Article 7202, V. T. C. S. , provides:

> "The board of equalization or the commissioners court shall, if the assessor fails to perform the duties required by this chapter within a reasonable time, employ some other competent person to have the requirements of this law carried out, and the compensation therefor shall be deducted from the assessor's pay for that year. "

Likewise, Article 7252, V. T. C. S. , indicates that no independent contractual power should be implied from the Assessor's statutory duties. After providing that each Assessor-Collector of Taxes may appoint one or

more deputies to assist him (a provision we feel is inapplicable to a contract employing private individuals to perform assessing duties), the Article states that:

> " . . . in counties having a population of 355,000 or more . . . , the Assessor and Collector of Taxes may in addition contract with special deputies having special technical training, skill, and experience for the purpose of assisting him in obtaining information upon which to base proper valuations of oil and mineral bearing lands and properties and interests therein, industrial and manufacturing plants, and other properties where special technical skill and training is required. "

According to the 1970 Federal census, Cameron County has a population of approximately 114,000 and would not qualify as a county in which the Assessor-Collector is permitted to contract for special deputies to assist him in his duties. We believe the Legislature, in granting this power to counties of 355,000 or more, intended to exclude the exercise of the same or similar power by a county Assessor-Collector in counties of lesser population.

It is therefore our opinion that the Commissioners Court of Cameron County does have the implied power to contract with private appraisal firms or individuals for assistance in evaluating the accuracy of the Assessor-Collector's assessments of county property values, but we do not believe that our courts would go so far as to find a similar contractual power implied in the powers and duties of the Cameron County Tax Collector-Assessor, and are therefore of the opinion that any such contract entered into independently by him would be void. However, the county tax assessor-collector could take into consideration the valuations made by experts under contract with the Commissioners Court and his official assessments based on such independent expert advice would not be rendered invalid. Federal Royalty Co. v. State, 42 S.W. 2d 670 (Tex. Civ. App., 1931), aff. 77 S.W. 2d 1021, reh. den., 80 S.W. 2d 741 (Tex. 1934).

## SUMMARY

The commissioners court has authority to employ outside help to aid in re-evaluating all property in the county for taxation purposes.   The tax assessor does not have a similar authority but is authorized to consider the work of the outside experts.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee